For the reasons set out in the opinion, the trial court did not err in overruling the motion to vacate and set aside the judgment complained of.
 No. 15635. NOVEMBER 14, 1946. REHEARING DENIED DECEMBER 2, 1946.
On April 30, 1930, T. B. Kelly filed an application with land processioners to trace and mark anew the boundary lines of a described tract of land, naming Mrs. Louise Gamble, now Mrs. McMillan, and others as adjoining landowners. After a return had been filed with the ordinary, Mrs. McMillan filed a protest and the proceedings were transmitted to the superior court for trial. On July 11, 1931, Kelly filed an action against Mrs. McMillan and others, in which he prayed various equitable relief respecting the processioned land. The defendants filed answers. The answer of Mrs. McMillan was filed March 9, 1932, and was amended March 2, 1933, May 9, 1939, and November 13, 1944. The record does not disclose what defense she set up in her answer. By the amendment allowed March 2, 1933, she denied that the boundary line between her land and that of the plaintiff was at the place claimed by him, and made certain admissions. So far as the record *Page 693 
shows, she prayed no affirmative relief. By the amendment allowed May 9, 1939, she alleged that the plaintiff had entered upon her land (in controversy), had sold the timber thereon, which was being cut and removed; and that he had raised his mill dam, and the back water resulting therefrom was damaging the young timber on her land. She prayed that the plaintiff be enjoined from further trespassing on her land, and that the boundary line between their respective properties be fixed. By the amendment allowed May 9, 1939, she alleged other injury caused by the plaintiff backing water over her land and prayed for damages.
At the May term, 1939, counsel of record for the plaintiff filed this dismissal of his suit: "Now comes T. B. Kelly and dismisses the above-stated action, the same being presented in open court before the allowance of any amendment by Mrs. Louise Gamble McMillan." Among the entries appearing on the issue docket of the court, in the order of their sequence, were these: "Settled." "D — Cost paid, John W. Farmer." "Stricken by error. The case is reinstated. May term, 1938. R. N. Hardeman, J. S.C. M. C. Ga." "This case was dismissed in open court and all costs paid some years before 1938. It was again dismissed May 9, 1939, before any cross-bill allowed. Both dismissals were by M. C. Barwick, Atty. for T. B. Kelly, who now signs this 11/23/45. (Signed) M. C. Barwick."
On November 14, 1945, Kelly filed a written motion to strike from the docket the entry made by Judge Hardeman at the May term, 1938, on the ground that it had been made after the case had been dismissed by the plaintiff and the costs paid, and without any notice to the movant. He prayed that the court correct the docket so that it would speak the truth by showing that the case was no longer pending in the court. Mrs. McMillan and her counsel personally responded to the motion.
The movant introduced in evidence an affidavit by M. C. Barwick in which he deposed: The case between Mr. Kelly and Mrs. McMillan remained on the docket from the time it was filed until early in 1935, when all the parties met in open court and the main parties at issue settled their differences. The plaintiff then dismissed his case in open court and paid the costs. The presiding judge then struck the case from the docket, and in the column for entries wrote the word "Settled." The clerk entered on the *Page 694 
docket "D — costs paid, John W. Farmer." The entry made by Judge Hardeman at the May term, 1938, was made without his knowledge or consent and without any notice that a motion to reinstate had been made. When the case was called for trial at the May term, 1939, counsel for Mrs. McMillan offered an amendment, and the court's attention was then called to the fact that the case had been dismissed some years ago, and before any amendment had been allowed the plaintiff in open court filed a written dismissal with the clerk of the court, which was accepted and filed, and the deponent then left the courtroom. N. J. Smith, in support of the motion deposed: He was, on May 9, 1939, employed by T. B. Kelly as counsel in litigation with Mrs. McMillan. When the case was called for trial on that date, counsel for Mrs. McMillan offered an amendment which contained a cross-bill. Mr. Barwick, also of counsel for Mr. Kelly, stated to the court that there was no case pending to amend, since it had been dismissed and the costs paid in 1935. Mr. Barwick then stated to the court: "Well, if there is any doubt about it having been dismissed before, I will remove all doubt now. I have filed a written order dismissing my case for the plaintiff before any amendment or cross-bill has been allowed." He then left the courtroom and the court then allowed the amendment.
The respondent introduced an affidavit by W. Wright Abbot, who deposed: He was counsel for respondent, having been employed in the spring of 1938. Prior to that time other counsel had represented her. At the May term, 1938, on the call of the docket by Judge Hardeman, the deponent announced that he wanted to try the case, and explained in the presence of the clerk and in open court that the clerk had marked the case settled and the costs paid at a time when Mr. Kelly and another named defendant had reached a settlement, but no settlement had been made with Mrs. McMillan. The court then entered on the docket that the case had been stricken by error. The deponent was reasonably certain that Mr. Barwick was present in court, but in any event it was done in open court and on the call of the trial docket. At the November term, 1938, the deponent, for some reason, was unable to get the case tried, but nothing was said then about the case having been dismissed or improperly reinstated on the docket. The case was set for trial May 9, 1939. In a conversation with Mr. Barwick *Page 695 
about the case, he approved the date of assignment. He then made no suggestion that the case had been dismissed or settled. On May 6, 1939, the deponent received a letter from Mr. Barwick, indicating that his connection with the case ended when a settlement had been made with another defendant, and that he was not of counsel in the case. The deponent then advised Mr. Kelly by letter of the assignment of the case for trial. On May 8, 1939, he filed an amendment asking for injunctive relief and for damages. On May 9, 1939, he offered the amendment for allowance. Mr. Barwick, as counsel for Mr. Kelly, objected to the allowance on various grounds, and after it was stated that the prayer for damages would be stricken, the judge stated that the amendment was allowed. Mr. Barwick then moved for a continuance on the ground of surprise. This motion was overruled. Mr. Barwick then stated that he would dismiss the case. An objection was made on the ground that the amendment prayed for affirmative relief. The court overruled the motion to dismiss the case, continued it so that a survey could be made, and set the case for the next term. The deponent later withdrew from the case. He thought that the motion to dismiss had been made before the amendment was allowed, but thought that the amendment had been allowed before a written withdrawal of the case, but he was not entirely certain as to this. He was certain that nothing had been done except in open court and in the presence of Mr. Barwick.
On November 30, 1945, after hearing argument, the court passed an order finding that the case had been dismissed by the plaintiff in 1935, and that there were no issues in the case in favor of Mrs. McMillan for trial. On December 3, 1945, in open court and at the instance of counsel for the respondent, the court added these words to its order of November 30, 1945: "The protest filed by Mrs. Louise Gamble McMillan to the return of the processioners has not been tried and will come up at the November adjourned term, 1945, for disposition," but the date of the original order was not changed. No attempt was made to assign error on the order of November 30, 1945, as enlarged by the added words on December 3, 1945, until June 3, 1946. On December 3, 1945, Mrs. McMillan presented a motion asking that the judgment of November 30, 1945, be "rescinded" and that the case insofar as it concerned the issues between Mrs. McMillan and Mr. Kelly be reinstated *Page 696 
on the docket because the judgment was not responsive to the motion. At the regular May term, 1946, l and on May 17, 1946, l after hearing argument, the court overruled the motion. The pleadings in the original case are not contained in the record transmitted to this court. In the bill of exceptions, which was presented and certified June 3, 1946, error is assigned on the judgment of November 30, 1945, as modified on December 3, 1945, and on the judgment of May 17, 1946.
1. No error having been assigned on the judgment of November 30, 1945, as modified on December 3, 1945, within the time allowed by law, such judgment became the law of the case, and the error now assigned can not be considered.
2. The exception to the order refusing to rescind the judgment of November 30, 1945, is without merit, since it shows no sufficient reason why the judgment should be vacated and set aside. The motion was to strike the judge's entry so that the docket would speak the truth by showing that the case was dismissed in 1935. In 64 C. J. 1255, § 1102, it is said: "It is improper to make a finding which is not warranted by the pleadings, evidence, or stipulated facts, and which is wholly at variance with the claims of either party." The judgment here sought to be set aside is not wholly at variance either with the pleadings or with the evidence submitted d both in support of and against the motion, and the judge did not abuse his discretion in refusing to set it aside. However, direction is given that the entry be now stricken from the docket, if such has not already been done.
Judgment affirmed with direction. All the Justices concur.